[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2008
THOMAS K. KAHN
CLERK

No. 07-13005
Non-Argument Calendar
_____

D. C. Docket No. 06-20556-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOVANNY ZAMBRANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 23, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Geovanny Zambrano appeals his 46-month sentence for conspiracy to possess with intent to distribute, and possession with intent to distribute, 100 grams or more of heroin, violations of 21 U.S.C. § 846 and 21 U.S.C. § 841(1)(a). On

appeal, Zambrano argues that the district court erred by denying him a minor-role reduction. In support of this argument, Zambrano identifies other individuals who participated in the smuggling conspiracy, as well as unnamed handlers and suppliers in Ecuador and the ultimate buyer in New York City, as discernable, and more culpable, members of the conspiracy. Zambrano also highlights that the particulars of the entire transaction were in the hands of others, and that he acted without any discretion. He likens his involvement in the smuggling conspiracy to a "local drug courier" acting as a "conduit." After careful review, we affirm.

The district court's determination as to whether a defendant qualifies for a minor-role adjustment is a finding of fact that we review for clear error. United States v. De Varon, 175 F.3d 930, 934 (11th Cir. 1999)(en banc). The proponent of the downward adjustment always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. Id. at 939.

The Sentencing Guidelines provide that a court should decrease a defendant's offense level by two if the court finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2. A defendant is a minor participant if he is one who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a minor-role adjustment applies, the district court should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940. On the first De Varon prong, we have explained that, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. As for the second De Varon prong, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." Id. We have recognized, however, that the first prong set forth in De Varon may, in many cases, be dispositive. Id. at 945. In discerning a defendant's culpability in the offense, some relevant factors include: the amount and fair market value of the of drugs, the amount of money to be paid to the courier, the equity interest in the drugs, the role in planning the criminal scheme, and the role in the distribution. Id.

Here, Zambrano was held accountable only for his own conduct in the conspiracy: exchanging money for 698.9 grams of heroin and intending to distribute the heroin in exchange for more money. According to the Presentence Investigation Report ("PSI"), Zambrano: (1) provided his own funds to purchase 70 pellets of heroin; and (2) planned to make a $5,000 profit from the subsequent sale of the heroin. Because Zambrano's significant actual conduct was the same as the conduct for which he was held accountable at sentencing, under the first prong of the De Varon analysis, he was not entitled to a minor-role reduction.

Turning to the second principle of De Varon, the district court committed no clear error err by finding that Zambrano did not play a minor role when compared to the other participants. We are unpersuaded by Zambrano's assertions that he did not coordinate the smuggling venture, did not recruit other conspirators to smuggle the heroin, and did not instruct any person in the United States. Even if the record supports all of these factual assertions -- an issue we need not reach -- those facts do not suggest that Zambrano played a minor role in the conduct for which he was held accountable, but rather, tend to show that Zambrano was not involved in the larger drug conspiracy. In short, that alone is not enough to support a mitigating role adjustment. See De Varon, 175 F.3d at 944. According to the PSI, Zambrano provided his own funds to purchase the heroin and planned to make a profit from

4

the sale of the heroin. He located a buyer, "Coyote," for the heroin himself, and then contacted the confidential informant to set up a sale of the heroin. In short, these facts, which were cited by the district court, all support the court's ultimate finding, on the second De Varon prong, that Zambrano did not play a minor role compared to others in the offense for which he was held accountable. See De Varon, 175 F.3d at 945.

On this record, the district court did not commit clear error when it denied Zambrano's request for a minor-role reduction.

**AFFIRMED.**